UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DEVILLE,

       Plaintiff,                                    Case No. 2:16-cv-10350

v.                                                                 Hon. Gerald E. Rosen

NURCA CABRERA, ET AL,

       Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Ryan Deville, a state inmate currently incarcerated at the Ionia Correctional Facility has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

Plaintiff claims that prior to his incarceration he received a settlement as the result of a personal injury lawsuit which awarded him $66,699.90 to be paid over the course of four years. Plaintiff alleges that he executed a power of attorney to authorize Defendant Nurca Cabrera, an attorney, to distribute his funds under the settlement.

Plaintiff has attached a copy of a final order entered in the Genesee Circuit Court in the case of *State Tresurer v. Deville*, Genesee Circuit Court No. 14-101873-cz (March 24, 2014). The order essentially redirects the payments under Plaintiff's settlement agreement to be transferred to the State of Michigan under the State Correctional Facility

1

Reimbursement Act ("SCRFA"). MICH. COMP. LAWS § 800.401, et seq.

Plaintiff alleges that Cabrera breached her duties under the power of attorney by misusing the settlement funds. He alleges that Cabrera sent funds to him in prison using a fake name. Nevertheless, he claims that Defendants Walworh, McCormick, and Havelka, all working for the Michigan Department of Corrections, removed the funds from Plaintiff's prisoner account and distributed them to the state. He alleges the defendants seized additional funds transferred to his prisoner account at the direction of Defendant Heather Donald, an Assistant Attorney General for the State of Michigan. Plaintiff seeks reimbursement of the funds taken from his prison account as well as damages, alleging that the withdrawal of funds from his prison account violated his "rights."

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.

1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

First, to the extent Plaintiff asserts that Defendant Cabrera misappropriated Plaintiff's funds for her own use, the claim is barred because Cabrera is not a state actor. Attorneys representing clients do not act under color of law for 28 U.S.C. § 1983 purposes, even where such attorneys are appointed by the government. *Polk County v. Dodson*, 454 U.S. 312 (1981).

The Court understands the complaint, however, to chiefly challenge the result of the SCFRA enforcement action brought against him in state court. Under Michigan law, the SCFRA permits the Michigan Attorney General to recover prisoner assets to help pay for the costs of confinement. The act directs the attorney general to investigate the availability of assets and determine whether in relation to the costs of incarceration those assets are sufficient to permit recovery of 90% of the estimated cost of a prisoner's care or 90% of the cost of care for two years, whichever is less. MICH. COMP. LAWS § 800.403. Section 800.404 of the act then sets forth the mechanism for the recovery of such assets, which requires the filing of a complaint in the circuit court in the county in which a prisoner was sentenced. The section further provides service of the action on the prisoner, a hearing on the complaint, a determination of the court that there exist recoverable assets under the act,

3

and an order authorizing recovery of such assets. *Id*.

As it appears that Plaintiff is raising a challenge to the outcome the SCRFA enforcement proceeding, this Court lacks jurisdiction over the case. "The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. See *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court. A federal court has no authority to review complaints about injuries caused by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); see also *Abbott*, 474 F.3d at 328. Even constitutional claims that are inextricably intertwined with the state-court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Plaintiff's claim involving the prior enforcement proceeding and the defendants' actions with respect to the distribution of his settlement funds to the State of Michigan

would be "inextricably intertwined" with decisions of the state courts because it amounts to a prohibited appeal from the decisions of the Michigan state courts in recovering assets from Plaintiff as reimbursement by way of an enforcement action under MICH. COMP. LAWS § 800.404. See *Abbott*, 474 F.3d at 330 (affirming district-court determination that a challenge to the result of a particular SCFRA enforcement action was barred by the *Rooker-Feldman* doctrine).

Accordingly, Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.

## IV.  CONCLUSION

Having conducted the review required by § 1915(e)(2), the Court determines that Plaintiff's action will be **DISMISSED** for failure to state a claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), see *McGore*, 114 F.3d at 610-11.

It is further ordered that Plaintiff's pending motion for appointment of counsel is **DENIED** as moot.

s/Gerald E. Rosen_____
United States District Judge

Dated:  March 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135